UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRAUSE,<br><br>    Petitioner,<br><br>    v.<br><br>TARA KRAUSE,<br><br>    Respondent. | No. 1:21−cv−01706−NONE−SAB<br><br>ORDER TO SHOW CAUSE RE PETITION FOR RETURN OF CHILDREN AND REFERRING PETITION TO ASSIGNED MAGISTRATE JUDGE<br><br>(Doc. No. 1)<br><br>***Written OSC Response Due Jan. 4, 2022*** |

On November 30, 2021, petitioner, a Lieutenant Colonel in the United States Air Force, filed a "Petition for the Return of the Children to Petitioner" pursuant to the Convention on the Civil Aspects of International Child Abduction ("Convention"), executed at The Hague on October 25, 1980, reprinted at 51 Fed. Reg. 10,494 (March 26, 1986), which has been given legal effect in the United States through the International Child Abduction Remedies Act ("ICRA"), 22 U.S.C. 9001 *et seq*. (Doc. No. 9.) The petition alleges that petitioner and respondent, who were married in the United States in 2006, relocated with their three children in January 2020 to Weilerbach, Germany, where petitioner has been stationed for the past twenty (20) months. (Doc. No. 1, ¶¶ 9–13, 18.) In June 2021, the parties agreed to return to the United States on vacation; petitioner returned to Germany at some point in June; and respondent and their three children had plane tickets to return to Germany on July 7, 2021. (*Id*., ¶ 19.) Instead of returning to Germany,

1

1 however, respondent informed petitioner that she would be staying in the United States with the
2 couples' children. (*Id.*, 20.) It is alleged that respondent presently is residing with family in
3 Merced, California, which lies within this court's jurisdiction. (*Id.*, ¶¶ 8, 48.)
4       Petitioner requests an expedited hearing on this matter; an immediate issuance of a court
5 order that respondent may not remove the children from the jurisdiction of this court pending
6 resolution of this matter; an additional immediately issued order requiring respondent to surrender
7 her passport and all the passports of their children; and, following a hearing, the issuance of an
8 order directing that the children be returned to their "habitual residence" in Germany, pursuant to
9 Article 12 of the Convention, as well as an award of attorney's fees and costs pursuant to ICARA,
10 22 U.S.C § 9007. (*See generally id.*)
11       The court has reviewed the petition and applicable legal authorities, including the text of
12 ICARA, and finds that the petition presents sufficient allegations to warrant the filing of a
13 response on the merits. An order to show cause to that effect will issue as part of this order.
14       However, the court finds that the present record fails to provide adequate justification for
15 the more immediate injunctive relief requested by petitioner, namely limiting respondent and the
16 children's movement and requiring the surrender of their travel documents. It is true ICARA
17 empowers this court to take any "measures under Federal or State law, as appropriate, to . . .
18 prevent the child's further removal or concealment before final disposition of the petition." 22
19 U.S.C. § 9004. However, nothing in the present record before the court establishes any
20 demonstrable risk of flight, particularly given respondent's family ties to this district. *See Poliero*
21 *v. Centenaro*, No. 09 CV 2682 RRM, 2009 WL 2341806, at *1 (E.D.N.Y. July 29, 2009)
22 (explaining that the Convention addresses both wrongful "removal" and wrongful "retention" and
23 declining to require the surrender of travel documents where no "abduction" occurred but rather
24 where one parent retained a child in the United States even though they were scheduled to return
25 to Italy). Petitioner's request in this regard will be denied without prejudice to the making of a
26 /////
27 /////                                                                                                              /////
28

more detailed factual or legal showing in support thereof.[1]

Considering the ongoing and well-publicized emergency in this district caused by the lack of adequate judicial resources (*see* Doc. No. 6-3 (Order of Clarification)), the undersigned finds it necessary to refer the pending petition to the assigned magistrate judge for the issuance of findings and recommendations and/or other appropriate action. In the context of this referral, the magistrate judge may refine or expand upon this order to show cause, call for further briefing, set a hearing date in accordance with his calendar, define the issues to be presented at any hearing, and take all steps necessary to adjudicate this matter consistent with 28 U.S.C. § 636.

## CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons set forth above:

(1) Respondent is ordered to show cause <u>in writing</u> on or before January 4, 2022, why the petition for return should not be granted on the merits;

(2) Petitioner's further requests for an order precluding respondent from leaving this jurisdiction with the couples' children and requiring respondent to surrender her passport as well as those of their children are DENIED WITHOUT PREJUDICE;

(3) The matter is referred to the assigned magistrate judge for further proceedings consistent with the instructions above;

(4) Plaintiff is instructed to immediately ensure that a copy of this order is served upon respondent.

IT IS SO ORDERED.

Dated:  **December 15, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] Some courts treat such requests as applications for emergency injunctive relief under Federal Rule of Civil Procedure 65(b) and demand showings commensurate with that rule before entering orders limiting movement of a party. *See Morgan v. Morgan*, 289 F. Supp. 2d 1067, 1070 (N.D. Iowa 2003); *Duggan v. Young*, No. 13-23415-CIV, 2013 WL 12383405, at *3 (S.D. Fla. Sept. 24, 2013).