# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRAUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>TARA KRAUSE,<br><br>    Defendant. | Case No. 1: 21-cv-01706-NONE-SAB<br><br>ORDER SETTING JANUARY 12, 2022 HEARING ON STATUS OF ACTION AND TO ESTABLISH FURTHER BRIEFING AND HEARING SCHEDULE |

On November 30, 2021, Petitioner Michael Krause, a Lieutenant Colonel in the United States Air Force, filed a verified "Petition for the Return of the Children to Petitioner" pursuant to the Convention on the Civil Aspects of International Child Abduction ("Convention"), executed at The Hague on October 25, 1980, reprinted at 51 Fed. Reg. 10,494 (March 26, 1986), which has been given legal effect in the United States through the International Child Abduction Remedies Act ("ICRA"), 22 U.S.C. 9001 *et seq*. (ECF No. 1.) The District Judge reviewed the petition and applicable legal authorities, and found that the petition presented sufficient allegations to warrant the filing of a response on the merits, and on December 15, 2021, ordered Respondent Tara Krause to show cause in writing on or before January 4, 2022, why the petition for return should not be granted on the merits. (ECF No. 17.) The District Judge denied Petitioner's request for an order precluding Respondent from leaving this jurisdiction with the couples' children and requiring Respondent to surrender her passport as well as those of their

1 children, without prejudice. (Id.) The order also assigned the matter to the undersigned
2 Magistrate Judge for the issuance of findings and recommendations and/or other appropriate
3 action. (Id.) The District Judge's referral order specified the Magistrate Judge may refine or
4 expand upon the order to show cause, call for further briefing, set a hearing date in accordance
5 with his calendar, define the issues to be presented at any hearing, and take all steps necessary to
6 adjudicate this matter consistent with 28 U.S.C. § 636. (Id.) On January 4, 2022, Respondent
7 filed a response to the order to show cause. (ECF No. 18.)

8 Petitioner has previously proffered that it well-settled that Hague Convention cases
9 should not proceed under rules of procedure and scheduling, but must be expedited and must
10 proceed first with the immediate issuance of a show cause order, then appearance of the
11 respondent and child or children at an initial expedited show cause and scheduling hearing, and
12 then the case proceeds to an expedited evidentiary hearing on the petition for return. (ECF No. 9
13 at 6.) The Supreme Court has stated: "To avoid delaying the custody proceeding, the
14 Convention instructs contracting states to 'use the most expeditious procedures available' to
15 return the child to her habitual residence." Monasky v. Taglieri, 140 S. Ct. 719, 724 (2020); see
16 also Chafin v. Chafin, 568 U.S. 165, 180 (2013) ("The Hague Convention mandates the prompt
17 return of children to their countries of habitual residence. But such return does not render this
18 case moot; there is a live dispute between the parties over where their child will be raised, and
19 there is a possibility of effectual relief for the prevailing parent. The courts below therefore
20 continue to have jurisdiction to adjudicate the merits of the parties' respective claims."). The
21 Court is empowered to implement necessary procedures and provisional measures to accomplish
22 the goals of the Convention:

> The Hague Convention is intended "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." *Maxwell v. Maxwell,* 588 F.3d 245, 250 (4th Cir.2009) (emphasis added). To further this intent, courts are called on to preserve the status quo-the return of the child to his home country for further proceedings. *See Miller v. Miller,* 240 F.3d 392, 398 (4th Cir.2001). To accomplish the goal of maintaining the status quo, the Court is empowered to take appropriate measures "to prevent ... prejudice to interested parties by taking or causing to be taken

> provisional measures." Hague Convention, art. 7(b). These "provisional measures" are available to the court exercising jurisdiction over the action just as if it were the appropriate court under State law-indeed the ICARA requires the court exercising jurisdiction to ensure that the applicable requirements of State law are satisfied. 22 U.S.C. § 9004(b). Once those requirements are met, the court is permitted to implement all necessary procedures "to prevent the child's further removal or concealment before the final disposition of the petition." *Id.* § 9004(a).
>
> Federal courts across the country have used the authority granted to them by § 9004, formerly cited as 42 U.S.C. § 11604, to take provisional measures to ensure that abducted children are not removed from their jurisdiction prior to completion of Hague proceedings.

Alcala v. Hernandez, No. 4:14-CV-4176-RBH, 2014 WL 5506739, at *2–3 (D.S.C. Oct. 30, 2014).

Given the relevant parties have now appeared in the action, and based on review of the response to the order to show cause, the Court finds it appropriate to hold a hearing to discuss the parties' respective positions concerning what steps are necessary for the appropriate adjudication of this matter, including the setting of any necessary further briefing schedule and hearings.

Accordingly, IT IS HEREBY ORDERED that a status hearing is set in this matter for January 12, 2022, at 10:00 a.m. in Courtroom 9, to be held via videoconference.

IT IS SO ORDERED.

Dated:   **January 6, 2022**

UNITED STATES MAGISTRATE JUDGE