# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRAUSE,<br><br>    Petitioner,<br><br>    v.<br><br>TARA KRAUSE,<br><br>    Respondent. | Case No. 1: 21-cv-01706-JLT-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION *IN LIMINE* WITHOUT PREJUDICE TO RENEWED PROFFER BY RESPONDENT TO INTRODUCE SUCH EXHIBITS FOR OTHER PURPOSES AT TIME OF EVIDENTIARY HEARING<br><br>(ECF Nos. 45, 48, 52, 54) |

**I.**

**BACKGROUND**

This action proceeds on Petitioner Michael Krause's ("Petitioner") verified petition for the return of children to Petitioner (ECF No. 1), brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, Pub. L. No. 100-300, 102 Stat. 437 (1988) (codified as amended at 22 U.S.C. §§ 9001 et seq.), which implements the Convention. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 17.) An evidentiary hearing is set to begin on May 25, 2022.

On May 11, 2022, Petitioner file a motion *in limine* to exclude Respondent Tara Krause's ("Respondent") proposed exhibits R-516, R-517, R-518, R-519, R-520, R-521, and R-522, or any testimony related to same, on the basis that such exhibits should be excluded pursuant to

1  Federal Rule of Evidence 408.  (Pet'r's Mot. *Limine* ("Mot"), ECF No. 45.)  On May 16, 2022,
2  Respondent filed an opposition.  (Resp't's Opp'n Mot. *Limine* ("Opp'n"), ECF No. 48.)  On May
3  17, 2022, Respondent filed an amended declaration in opposition to the motion.  (ECF No. 51.)
4  On May 17, 2022, Petitioner filed a reply brief.  (Pet'r's Reply Sup. Mot. *Limine* ("Reply"), ECF
5  No. 52.)  The Court held a hearing on Petitioner's motion on May 18, 2022.  (ECF No. 54.)
6  Savannah Wadsworth, Richard Min, Michael Banuchis, and Samantha Jacobson, appeared on
7  behalf of Petitioner.  Drexwell Jones appeared on behalf of Respondent.

## II.

## LEGAL STANDARD

10  "A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence
11  in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  A party may
12  use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually
13  introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion *in limine*
14  is an important tool available to the trial judge to ensure the expeditious and evenhanded
15  management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115
16  F.3d 436,440 (7th Cir. 1997).  A motion *in limine* allows the parties to resolve evidentiary
17  disputes before trial and avoids potentially prejudicial evidence being presented in front of the
18  jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of
19  prejudicial evidence.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

20  Judges have broad discretion in ruling on a motion *in limine*. Jenkins v. Chrysler Motors
21  Corp., 316 F.3d 663, 664 (7th Cir. 2002) ); see also United States v. Torres, 794 F.3d 1053, 1059
22  (9th Cir. 2015) (motion *in limine* rulings are reviewed for abuse of discretion).  Evidence should
23  not be excluded on a motion *in limine* unless it is inadmissible on all potential grounds.
24  McConnell v. Wal-Mart Stores, Inc., 995 F.Supp.2d 1164, 1167 (D. Nev. 2014); United States v.
25  Hitesman, No. 14-CR-00010-LHK-1, 2016 WL 3523854, at *2 (N.D. Cal. June 28, 2016).
26  Unless this high standard is met, ruling on the motion *in limine* should be denied until trial so
27  that the evidence can be considered in its proper context.  McConnell, 995 F.Supp.2d at 1167;
28  Hitesman, 2016 WL 3523854, at *2; see also Jonasson, 115 F.3d at 440 (Some evidentiary issues

are not accurately and efficiently evaluated by the trial judge in a motion *in limine* and it is necessary to defer ruling until during trial).

Federal Rule of Evidence 408 provides that:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

## III.

## DISCUSSION

Petitioner moves to exclude Respondent's proposed exhibits R-516, R-517, R-518, R-519, R-520, R-521, and R-522, or any testimony related to same, on the basis that such exhibits should be excluded pursuant to Federal Rule of Evidence 408.  (Mot. 1.)  Petitioner did not attach the proposed exhibits and therefore but for the attachment of the proposed exhibits within the opposition briefing, the Court would be unable based on the filing to adjudicate the instant motion.  In the opposition filings, Respondent identified and attached Exhibit R-522, and proposed Exhibits R-516 through R521.  R-522 is a draft stipulated settlement agreement with a caption identifying it as related to the parties' parallel state court divorce proceeding.  (See ECF No. 51 at 3-10.)  R516 through R521 appears to correspond to six pages of screenshots of text messages between the parties discussing potential settlement terms related to the state case and this action.  (See ECF No. 51 at 12-17.)

Petitioner submits the text messages included in Respondent's proposed exhibits include discussions proposed settlement terms relating to custody, the status of this Hague Convention case, and division of their marital assets, as well as an unexecuted proposed stipulation of settlement including terms related to custody and visitation, spousal support, home sale proceeds, the disposition of Respondent's military pension.

Respondent contends that Petitioner's Hague petition is a "sham"; that it is moot because Petitioner is going to be stationed in California in the summer of 2022; that throughout the course of this proceeding, Petitioner has attempted to leverage the threat of a forced return of his children to Germany to coerce Respondent to give up her marital interest in his military retirement; and Petitioner is attempting to exclude the proposed settlement agreement where Petitioner offers to dismiss this action if Respondent disclaims his military pension and agrees to move near Beale Air Force Base in Sacramento, California; and text messages wherein he acknowledges his intent to serve at Beale Air Force Base. (Opp'n 1-2.) Aside from citing the text of Rule 408, Respondent has not submitted any caselaw or other authority in support of their specific arguments, however, Respondent submits that she designated the exhibits prior to learning Petitioner had orders to serve at Beale Air Force Base, with Respondent previously intending to offer the proposed exhibits on the issue of mootness of Petitioner's remedy, "which is arguably an exception under Federal Rule 408(b)"; but now, "Respondent will offer these exhibits on a request for sanctions., to establish the length of time Respondent [sic] has maintained a vexatious and frivolous Hague Convention petition." (Opp'n 2.)

Petitioner replies that the parties did not in fact reach an agreement to resolve this case or the parallel divorce action; and to disclose the contents of an unexecuted settlement agreement and statements of the parties to argue this instant case is a sham is improper and egregious.

Petitioner emphasizes the principles underlying FRE 408 weigh in favor of exclusion here:

> The Advisory Committee's Note following Rule 408 provides two principles underlying the rule. The first is that the evidence is irrelevant as being motivated by a desire for peace rather than from a concession of the merits of the claim. Second, is in promotion of the public policy favoring the compromise and settlement of

4

> disputes. By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement. Here, we give additional importance to the fact that appellant was not a party to the Hanford litigation or the settlement conferences.

United States v. Contra Costa Cnty. Water Dist., 678 F.2d 90, 92 (9th Cir. 1982) (footnotes omitted). Petitioner has provided the Court with the Seventh Circuit case of Walker v. Walker that is largely on point to the issues presented here, in that the case involved a Hague Petition and a dispute over the introduction of evidence related to settlement discussions in a parallel state court divorce proceeding. The Seventh Circuit found the district court erred in not excluding the evidence related to settlement discussions, emphasizing the polices behind FRE 408 in the context of international custody disputes. The Seventh Circuit also took issue with the district court's framing of the relationship between the Hague Convention proceeding and the divorce proceeding as "entirely separate":

> This ruling is flawed in at least two respects. First, the divorce and Convention proceedings are not "entirely separate." A decision or action in one proceeding almost inevitably will have an impact on the other. A successful petition for return identifies the proper forum for the custody determination in a divorce case, and (as the losing parent often fears) the courts of the habitual residence may be sympathetic to the local parent's position. More importantly, although the district court was correct to consider Rule 408's purpose in deciding whether to admit the letter, see *Zurich Am. Ins. Co. v. Watts Indus., Inc.,* 417 F.3d 682, 689 (7th Cir.2005), in focusing on the letter's potential to impede settlement in *Iain and Norene's* ongoing divorce action, the district court was looking at the wrong thing. Rule 408 addresses the concern that a norm of admitting offers of settlement will reduce efforts to settle by others in the future; its focus is not on the effect of admitting an offer of settlement on *these parties'* likelihood of settling. Almost by definition, the parties in the present case have already failed to settle and are now deeply involved in litigation, and so for them, there is nothing left to chill.
>
> When viewed in the proper perspective, there is little doubt that admitting a document like the January 21 letter has the potential to deter future efforts to settle international divorce and custody disputes. A parent in Iain's situation with an interest in reaching an out-of-court settlement with his or her spouse would have no incentive to make an offer without including some mention of child custody (often the single most significant issue in a divorce). But if that parent knows that any offer related to custody may later be relied upon to find that the parent has abandoned his custody rights or consented to the child's remaining abroad, then that parent will be less willing to make any offer at all. In our view, the court

> should have excluded the letter pursuant to Rule 408.
>
> That said, we must still consider whether this error had an effect on the outcome *of the case. Since this was a trial to the court, the contents of the letter were very likely to come to the judge's attention anyway: the court had to read the letter in order to determine whether it was admissible. At that point, the horse was effectively out of the barn. In any event, the critical question is whether the judge was entitled to give weight to the letter. He should not have done so. Moreover, as we explain below, the letter in any event provides no basis for denying Iain's petition for return.

Walker v. Walker, 701 F.3d 1110, 1117–18 (7th Cir. 2012).

The Court finds Walker, and the policy goals underlying FRE 408, to be persuasive as to Petitioner's motion here, on the face. See also Wesco Ins. Co. v. Elements Architectural Grp., Inc., No. 18 CV 2743, 2019 WL 5725440, at *4 (N.D. Ill. Nov. 5, 2019) ("a husband's letter attempting to resolve custody issues in state-court divorce proceedings is barred if the wife later seeks to introduce that letter as evidence in the husband's federal lawsuit to have the children returned to a different country under the Hague convention.") (citing Walker, 701 F.3d at 1115-17).

While Respondent has not provided the Court with any caselaw in support of their two proffered other purposes, the Court nonetheless finds Petitioner's contention that none of the "narrow exceptions" under FRE 408 are applicable here, is not abundantly clear at this juncture. See Id. (however, "when a plaintiff implies during settlement negotiations that his lawsuit is only intended to harass, that statement is not barred if it is introduced in support of an abuse of process counterclaim that was filed as a result of those negotiations."). Petitioner lists the express exceptions listed in FRE 408 ("proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution"), but glosses over the fact that the Rule's listing of these exceptions and "use of the phrase 'such as' implies that the ensuing list is not exhaustive, but is only illustrative." United States v. Technic Servs., Inc., 314 F.3d 1031, 1045 (9th Cir. 2002), overruled on other grounds by United States v. Contreras, 593 F.3d 1135 (9th Cir. 2010); Rhoades v. Avon Prod., Inc., 504 F.3d 1151, 1161 n.9 (9th Cir. 2007) ("The 'other purpose' need not be specifically mentioned."). The Ninth Circuit discussed the non-exhaustive nature of the Rule's exceptions in Rhoades, and

6

found such evidence could be used to establish the presence of jurisdiction:

> The text of the rule is clear: evidence from settlement negotiations may not be considered in court "*when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.*" Rule 408, however, does *not* bar such evidence when "offered for [other] purposes ... [such as] proving a witness's bias or prejudice." *See, e.g., United States v. Technic Servs., Inc.,* 314 F.3d 1031, 1045 (9th Cir.2002) (holding that evidence from settlement negotiations was admissible to prove "obstruction of the EPA's investigation"); *United States v. Pend Oreille Pub. Utility Dist. No. 1,* 926 F.2d 1502, 1507 n. 4 (9th Cir.1991) (same, where the evidence was "introduced only to prove that disputed lands were suitable for agricultural use prior to construction of [a] dam"). Notwithstanding the letter's attempt to claim an absolute privilege, therefore, statements made in settlement negotiations are only excludable under the circumstances protected by the Rule.
>
> Here, DermaNew does not rely on the threats in an attempt to prove whose trademark is valid, or to impeach Avon. Instead, it uses the threats to satisfy the jurisdictional requirements of an action for declaratory relief.[9] This is perfectly acceptable under Rule 408. Avon's citation to *Aspen Title & Escrow, Inc. v. Jeld–Wen, Inc.,* 677 F.Supp. 1477 (D.Or.1987), for the proposition that "settlement conferences in their entirety are covered under Rule 408, even when purported threats are made during those conferences," is misleading and taken out of context. The "threat" at issue in *Aspen Title* was the statement "we will put you out of business," which "Aspen contends ... show[ed] a specific intent by defendants to drive Aspen out of business." *Id.* at 1485. The district court in that case excluded the threat because it occurred during settlement negotiations, and rightly so; the threat was offered *for the purpose* of establishing an antitrust conspiracy—for the purpose, in other words, of proving liability. *Aspen Title,* therefore, is inapposite.
>
> Avon makes much of the "policy behind" Rule 408, as if any recognition of statements made during settlement will ruin the "freedom of communication with respect to compromise" that the Rule protects. *Clemco Indus. v. Comm. Union Ins. Co.,* 665 F.Supp. 816, 829 (N.D.Cal.1987). Yet the Rule, by its own terms, is one of limited applicability. In other words, Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail. When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured.

Rhoades, 504 F.3d at 1161–62.

Citing to Rhoades, in Am. Gen. Life Ins. Co. v. James, the court found the evidence was not offered to prove the validity or amount of the claim, but for the purpose of showing an

insurer's attempt to condition the settlement of a breach of contract claim on the release of a bad faith claim may be used as evidence of bad faith. Am. Gen. Life Ins. Co. v. James, No. C-14-04242 DMR, 2015 WL 730010, at *5–6 (N.D. Cal. Feb. 19, 2015) ("The court finds that the settlement communications contained within the challenged portions of the Counterclaim are not offered to prove the validity or amount of a disputed claim, but rather for another purpose, namely, as evidence of AGLIC's course of conduct. Therefore, those communications do not fall within the ambit of Rule 408, and are not subject to a motion to strike.").

The Court finds caselaw outside of the Ninth Circuit to also be persuasive as to the possibility of proper other purposes for the introduction of the evidence at issue here. A district court in the Northern District of New York found support for the other purpose of demonstrating a lack of proper jurisdiction:

> In the motion for summary judgment, MSA uses evidence concerning settlement in support of the following arguments: (1) the complaint must be dismissed because there is no longer a judicable controversy; (2) the only extant dispute arising out of the underlying litigation is between Gauntlett & Associates and MSA over the reasonableness of Gauntlett's fees and, to the extent that Gauntlett seeks to litigate that dispute, the dispute must be resolved through arbitration pursuant to California statute; (3) the breach of contract cause of action is moot; and (4) 360Heros' bad faith cause of action is both duplicative of 360Heros' breach of contract cause of action and moot given the settlement of the underlying action. See Dkt. No. 61-81 at 13-21. None of these arguments fall within the categories of impermissible purposes under Rule 408(a). Indeed, cases have found that evidence of a settlement is admissible when it is used to either establish or attack the court's jurisdiction. See, e.g., National Presort, Inc. v. Bowe Bell & Howell Co., 663 F. Supp. 2d 505, 508 (N.D. Tex. 2009); Utah Reverse Exchange, LLC v. Donado, No. 14-0408, 2015 WL 419874, *1 (S.D. Ala. Feb. 2, 2015) (holding that Rule 408 did not preclude the court from considering a settlement offer/demand where the "only purpose of alleging the demand/offer is to establish that there is a live controversy, exceeding the jurisdictional amount, as to which subject matter jurisdiction can attach and declaratory relief can be granted"); Mottley v. Spillan, No. 2:07-cv-384, 2008 WL 926580, *3 (S.D. Ohio Apr. 3, 2008) (holding that "Rule 408 does not prohibit introduction of the fact of a settlement that would moot a case regardless of the merits – *the validity or invalidity* – of the underlying claims") (emphasis in original).

360Heros, Inc. v. Mainstreet Am. Assurance Co., No. 517CV549MADDEP, 2019 WL 355333, at *2 (N.D.N.Y. Jan. 29, 2019); see also Riverkeeper, Inc. v. TCI of NY, LLC, No.

120CV1023MADDJS, 2021 WL 860578, at *2 (N.D.N.Y. Mar. 8, 2021) (noting same other purpose of determining jurisdiction); Mottley v. Spillan, No. 2:07-CV-384, 2008 WL 926580, at *3–4 (S.D. Ohio Apr. 3, 2008) ("But Rule 408 does not prohibit introduction of the fact of a settlement that would moot a case regardless of the merits-*the validity or invalidity*-of the underlying claims.") (emphasis in original).

In the Reply, Petitioner contends that the Respondent's argument that the settlement negotiations can establish mootness is incorrect, citing Thistle v. New Hampshire, No. 21-CV-02072, 2022 WL 1445374, at *6 (S.D. Cal. May 6, 2022); Bergstrom v. Progressive Cas. Ins. Co., No. C20-1810-DGE, 2022 WL 1229028, at *5 (W.D. Wash. Apr. 1, 2022). However, in light of the above caselaw, the Court does not find these cases to be convincing as to the foreclosure of potential proper other purposes under FRE 408(b). In Bergstrom, the court found the proffered evidence could not be found to be "offered for any purpose other than to disprove the validity of the claim before the Court." 2022 WL 1229028, at *5. In Thistle, the court only passingly based part of its decision on FRE 408. 2022 WL 1445374, at *6 ("Third, Plaintiff is not entitled to damages because the State of New Hampshire did not accept his settlement offer. In fact, New Hampshire's rejection of the settlement offer would not be admissible to prove any alleged liability to Plaintiff.")

The Court notes that it is receptive to Petitioner's highlighting that this petition is not moot given the arguments that: (1) Respondent unilaterally moved the children from one country to another, behavior which the Hague Convention is designed to prevent; (2) that while Respondent argues Petitioner is attempting to utilize this action as leverage in their divorce proceedings, Respondent's retention of the children in California can be similarly argued to be an attempt to remove the children to a more favorable jurisdiction to litigate their divorce, and this Hague Convention proceeding was precipitated by Respondent's leveraging of the Children and California court system, including her seeking of a protective order; and (3) that the Court is tasked with determining the Children's habitual residence immediately prior to the alleged wrongful retention in the summer of 2021; and that Petitioner in fact currently resides in Germany. (Reply 2-3.)

1        Based on the limited briefing and record before the Court on this motion *in limine* filed
2 on shortened time, and given the exhibits are proffered in isolation without a proper foundation
3 laid as to the potential introduction of these exhibits for a proper other purpose discussed above,
4 the Court will not exclude these exhibits outright at this juncture for *all* purposes.  Rather, the
5 Court will grant the motion and exclude the exhibits and testimony without prejudice to
6 consideration of introduction at the evidentiary hearing after testimony and other evidence is
7 presented, the parties' final pretrial briefs are before the Court, and the Court can consider this
8 evidence in its proper context and whether it is proffered for a potentially proper other purpose.
9 Accordingly, for all of the above reasons, the Court will grant Petitioner's motion to exclude
10 proposed exhibits R-516, R-517, R-518, R-519, R-520, R-521, and R-522, or any testimony
11 related to same, to the extent the current proffer encompasses an effort to prove or disprove the
12 validity of a disputed claim.  Fed. R. Evid. 408(a); Walker, 701 F.3d at 1117–18.  However,
13 Petitioner has failed to demonstrate that the proffered evidence would be inadmissible on all
14 potential grounds.  Fed. R. Evid. 408(b); Rhoades, 504 F.3d at 1161–62; Am. Gen. Life Ins. Co.
15 v. James, 2015 WL 730010, at *5–6; McConnell, 995 F.Supp.2d at 1167; Hitesman, 2016 WL
16 3523854, at *2.  The Court finds that full consideration of the proffer is more proper at the time
17 of the evidentiary hearing and the Court can consider the evidence in its proper context.  See
18 McConnell, 995 F.Supp.2d at 1167; Hitesman, 2016 WL 3523854, at *2 Jonasson, 115 F.3d at
19 440; Genzler v. Longanbach, No. 01CV1462-LAB (RBB), 2006 WL 8455146, at *11 (S.D. Cal.
20 Oct. 6, 2006) ("The exclusionary portion of the Rule only applies when the purpose of the
21 evidence is to prove 'the validity or invalidity of the claim or its amount," so that "an offer for
22 another purpose is not within the rule.'  Advisory Note to Rule 408.  Genzler agrees not to
23 mention the specific terms or amount of the settlement . . . The court is inclined to grant the
24 motion but **RESERVES** final ruling until the issue arises in context at trial.") (emphasis in
25 original).
26 / / /
27 / / /
28 / / /

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that Petitioner Michael Krause's motion *in limine* (ECF No. 45) is GRANTED as to proposed exhibits R-516, R-517, R-518, R-519, R-520, R-521, and R-522, or any testimony related to such exhibits, without prejudice to Respondent Tara Krause's proffer at the time of the evidentiary hearing of such exhibits and testimony under a proper foundation and potential proper basis of "another purpose" under Fed. R. Evid. 408(b)

IT IS SO ORDERED.

Dated:  **May 19, 2022**

UNITED STATES MAGISTRATE JUDGE