DREXWELL M. JONES, SBN 221112
LAW OFFICES OF BRUNN & FLYNN
A Professional Corporation
928 12th Street, Suite 200
Modesto, CA 95354
Telephone: (209) 521-2133
Facsimile: (209) 521-7584

Attorneys for Respondent, TARA KRAUSE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRAUSE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>TARA KRAUSE,<br><br>　　　　Respondent. | Case No.: 1:21-cv-01706-JLT-SAB<br><br>**DECLARATION OF DREXWELL M. JONES IN SUPPORT OF RESPONDENT'S RESPONSE TO MOTION TO DISMISS**<br><br>Evidentiary Hearing: May 25, 2022 (3 days)<br>Time: 9:00 a.m.<br>Courtroom: 9 (SAB) |

I, Drexwell M. Jones, hereby declare:

1. I am a licensed attorney admitted to practice law in the United States District Court for the Eastern District of California. My firm represents Tara Krause in the above-captioned matter.

2. A true and correct copy of Michael Krause's Permanent Change of Station Order is attached hereto as Exhibit A.

3. A true and correct copy of Petitioner's response to Respondent's request for admissions, set two, is attached hereto as Exhibit B.

4. Tara Krause has accrued over $80,000 in attorney fees since the commencement of the Hague Convention case. Since February 3, 2022 to the present, Respondent has accrued $75,229 in legal fees and $546.60 in costs.

I declare under penalty of perjury that the foregoing is true and correct.

1

**DECLARATION OF DREXWELL M. JONES IN SUPPORT OF RESPONDENT'S RESPONSE TO MOTION TO DISMISS**

Executed on May 24, 2022, at Modesto, California.

_____
DREXWELL M. JONES, ESQ.

K:\docs\casess\6892-21288\Motions\Pet's Mot to Dismiss\Dec of DMJ ISO Resp to Mot to Dismiss

**DECLARATION OF DREXWELL M. JONES IN SUPPORT OF RESPONDENT'S RESPONSE TO MOTION TO DISMISS**

# EXHIBIT A

# REQUEST AND AUTHORIZATION FOR PERMANENT CHANGE OF STATION - MILITARY

**PRIVACY ACT STATEMENT**

AUTHORITY: 10 U.S.C. 8013, Secretary of the Air Force E.O. 9397 (SSN) as amended. Powers and duties; delegation by 8032, General duties; Implemented by Air Force Instruction 36-2102, Base-level Relocation Procedures.
PURPOSE: Each type of relocation of Air Force personnel requires specific actions described either on a checklist or by sending a form letter to the applicable base activity having a responsibility for ensuring accomplishment of the action.
ROUTINE USES: In addition to those disclosures generally under 5 U.S.C. 552a(b) of the Privacy Act, these records or information contained therein may specifically be disclosed outside the DoD as a routine use pursuant to 5 U.S.C. 552a(b)3. 'Blanket Routine Uses' apply.
DISCLOSURE: VOLUNTARY; SSN is used to reference member's official records. Failure to provide SSN may make it difficult for member to receive pay and entitlements in coordination with Permanent Change of Station.

The following individual will proceed on permanent change of station: [ ] PCS without PCA   [X] PCS with PCA   TED  JUL 22

| | | |
|---|---|---|
| 1. GRADE, NAME (Last, First, Middle Initial)<br>LTC KRAUSE, MICHAEL B | 2. SSAN | 3. SAFSC/CAFSC<br>B13O3 |
| 4. SECURITY CLEARANCE (Include date of last investigation)<br>SCI(DCID 1/14 ELIGIBLE) | 5. REPORT TO COMDR, NEW ASSIGNMENT<br>NLT: 30 JUN 2022 | 6. TRAVEL DAYS AUTHORIZED IF TRAVELING BY PRIVATELY - OWNED CONVEYANCE:  8 |

7. TDY ENROUTE

| 8. UNIT, MAJOR COMMAND AND ADDRESS OF UNIT FROM WHICH RELIEVED:<br>AFE 603 AIR OPERATIONS CE FFMY00<br>RAMSTEIN DE 090940000 | 9. UNIT, MAJOR COMMAND AND ADDRESS OF UNIT TO BE ASSIGNED:<br>ACC DET 3 605 TEST AND EVALUATIN SQ FFS910<br>BEALE CA 959030000 |
|---|---|

10. TYPE OF TOUR (Check One): [ ] ACCOMPANIED  [ ] UNACCOMPANIED  [ ] UNACCOMPANIED, DEPENDENTS RESTRICTED

11. TOUR LENGTH (Total No. of Months)

12. EXTENDED LONG TOUR VOL: NO

13. DEPENDENT TRAVEL:
[ ] A. CONCURRENT TRAVEL IS AUTOMATIC
[X] B. CONCURRENT TRAVEL IS APPROVED
[ ] C. DEPENDENT TRAVEL IS DELAYED FOR LESS THAN 20 WEEKS
[ ] D. DEPENDENT TRAVEL IS DELAYED FOR MORE THAN 20 WEEKS
[ ] E. TRAVEL IS AUTHORIZED TO A DESIGNATED PLACE

14. THIS IS A JOIN-SPOUSE ASSIGNMENT (Include spouse's grade, name & SSN)
NO

15. AUTHORITY FOR CCTVL:
APPROVED IAW STOP MOVEMENT/COVID-19 GUIDANCE

16. HOMEBASING/FOLLOW-ON ASSIGNMENT (Include AAN, GPAS and RNLTD)

17. DEPENDENT(s): (List names, DOB of children, relationship to member and current address)
CHILD
CHILD

| 18. PCS EXPENSE CHARGEABLE TO: 5723500322480Z5771.0* 05525725 Insert Applicable Subproject Shred<br>CIC: 4 5 248 0071 525725   TAC: G27J   POV TAC: G2PJ<br>NTS CHARGEABLE TO: 57$ 3500 32$ 480Z 5778.0* 05 525725 TAC:GN7J   POV NTS TAC: GP7J | 19. AUTHORITY AND PCS CODE<br>AFI 36-2110<br>PCS ID: J   AAN: 0720NO3492 |
|---|---|
| 20. AETC/FM TDY Funding.<br><br>20a. All other TDY Enroute Funding. | 21. SDN: HHG: PB57712002MP0H<br>NTS: PB57782001MP0N<br>INT: PB57712003MM0A<br>POV: PB57712004MP0V<br>PVS: PB57712004MP0P |

Pursuant to AFI 32-6001, you will report to the base housing referral office servicing your new duty station before entering any rental, lease, or purchase agreement for off-base housing.

22. REMARKS (Submit travel voucher within 5 workdays after completion of travel. If TDY enroute is authorized, attach receipts showing cost of all lodging used. All promotional items incurred while PCS/TDY must be turned in to AFO upon arrival at gaining base. See reverse for remarks.)
PCS ADSC: 12  MONTHS   TRAINING ADSC:   MONTHS   (See AFI 36-2107)
22A. ENTER AIRMAN'S DATE OF SEPARATION DD MMM YYYY (31 JUL 2033), ASSIGNMENT ACTION REASON (S5), DATE ELIGIBLE TO RETURN FROM OVERSEAS DD MMM YYYY (01 JUN 2022)
22B. AIRMAN'S DEPARTURE CERTIFICATION: I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE I WILL DEPART PCS AT _____ (HRS) _____
(DATE) _____ SIGNATURE

| 23. DATE<br>12 MAY 2022 | 24. APPROVING OFFICIAL (Type Name and Grade)<br>DOMINGO, XHAQUILL, SSG, USAF, BASE RELOCATIONS SUPERVISOR | 25. SIGNATURE OF APPROVING OFFICIAL<br>// SIGNED // |
|---|---|---|
| 26. DESIGNATION AND LOCATION OF HQ DEPT OF THE AIR FORCE:<br>AFPC RANDOLPH AFB TX 78150-0000 | 27. SPECIAL ORDER NO:<br>AP-100372 | 28. DATE<br>12 MAY 2022 |
| | 29. TDN<br>FOR THE COMMANDER | |
| 30. DISTRIBUTION: AA | 31. SIGNATURE ELEMENT OF ORDERS AUTHENTICATING OFFICIAL | |
| 32. ADDRESS OF GAINING MPF:<br>9 FSS<br>BEALE AFB CA 95903-1613 | //signed//<br>DALISMARIE GUZMANVELEZ, SSG<br>USAF, SUPERVISOR, ASSIGNMENTS SECTION | |

AF FORM 899, 20100910      PREVIOUS EDITIONS ARE OBSOLETE      PRIVACY ACT INFORMATION: The information in this form is FOR OFFICIAL USE ONLY. Protect IAW The Privacy Act of 1974.

## REQUEST AND AUTHORIZATION FOR PERMANENT CHANGE OF STATION - MILITARY

This contains Information which must be protected IAW AFI 33-332 and DoD Regulation 5400.00; Privacy Act of 1974 as Amended Applies, and It is for Official Use Only (FOUO). It must be protected or Privacy Act Information removed prior to further disclosure.

**33. CONTINUATION**

17. DEPENDENTS CONTINUED:
KRAUSE, PENELOPE LYNN  CHILD  09 JUN 2011  2901 MONTANA AVE  MERCED  CA  95340-2516

22. CONTINUED
22C. AIRMAN MUST BE IN UNIFORM AT FINAL OUT-PROCESSING APPOINTMENT. AIRMAN MUST COMPLETE ALL REASSIGNMENT REQUIREMENTS FOR THE PCS PRIOR TO FINAL OUT APPOINTMENT AND DEPARTURE FROM PDS. TO INCLUDE MEMBER'S & DEPENDENT(S) MEDICAL AND DENTAL CLEARANCE, PASSPORT/VISAS, COMMAND SPONSORSHIP, APPROVAL FOR (OCONUS)ASSIGNMENTS, SECURITY CLEARANCE, RETAINABILITY INCLUDING AF FORM 63, ACTIVE DUTY SERVICE COMMITMENT (ADSC) AF FORM 4380, AIR FORCE SPECIAL NEEDS SCREENER (AS REQUIRED),PPCS REQUIREMENTS AND FOLLOW-ON OR HOME-BASING APP/DISAPP (AS REQUIRED.

22D. EACH TRAVELER(S) ON THIS ORDER IS AUTHORIZED UP TO 2 CHECKED PIECES OF BAGGAGE NOT TO EXCEED 70 POUNDS EACH. COMMERCIAL AIRLINES USING DIFFERENT WEIGHT STANDARDS MAY AUTOMATICALLY CHARGE BAGGAGE FEES TO EACH TRAVELER (S) ON THIS ORDER.  IN THIS CASE, AS LONG AS THE NUMBER OF CHECK PIECES AND WEIGHT LIMIT PREVIOUSLY STATED IS NOT EXCEEDED, A CHECKED BAGGAGE EXPENSE IS STILL REIMBURSABLE."IAW JTR AND AFI 36-2102. ALL RECEIPTS FOR BAGGAGE ARE REQUIRED FOR REIMBURSEMENT. TRAVELER(S) MUST PAY CHARGE(S) DIRECTLY TO THE SERVICING AIRLINER OR MODE OF TRANSPORT AT THE TIME OF CHECK-IN AND CLAIM REIMBURSEMENT ON THE TRAVEL VOUCHER.

22E. UPON RECEIPT OF ORDERS CONTACT THE TRAFFIC MANAGEMENT OFFICE (TMO) TO MAKE ARRANGEMENTS FOR HHGS SHIPMENT AND TRAVEL. IAW DEFENSE DIRECTIVE (DODD) 4500.09E, TRANSPORTATION AND TRAFFIC MANAGEMENT, CHAP 401, PARA O.2 - REQUIRED POLICY. THE COMPLETION OF A CUSTOMER SATISFACTION SURVEY(CSS) FOR EACH SHIPMENT DELIVERED IS REQUIRED WITHIN SEVEN DAYS OF EACH COMPLETE SHIPMENT DELIVERY. AIRMEN/EMPLOYEES ARE REQUIRED TO COMPLETE A CSS VIA THE WEB: HTTP://WWW.SDDC.ARMY.MIL/SDDC/CONTENT/PUB/46819//CSS%20 BROCHURE%20V2.PDF. AFTER REVIEWING THE INSTRUCTIONS, YOU MAY ACCESS AND COMPLETE THE SURVEY AT THE FOLLOWING LINK. HTTP://WWW.MOVE.MIL/.

22F. MEMBER MAY BE ELIGIBLE FOR REIMBURSEMENT OF COST OF DEPENDENT SPOUSE'S QUALIFYING STATE RE-LICENSING OR RE-CERTIFICATION FEES NOT TO EXCEED $1000.00. LEARN MORE ABOUT LICENSING AND CERTIFICATIONS FROM THE INSTALLATION AIRMAN & FAMILY READINESS CENTER, THE DEPARTMENT OF LABOR WEBSITE AT HTTPS://WWW.VETERANS.GOV/MILSPOUSES, AND THE DOD SPOUSE EDUCATION AND CAREER OPPORTUNITIES PROGRAM AT HTTPS://MYSECO.MILITARYONESOURCE.MIL. FREE CAREER COACH COUNSELING IS ALSO AVAILABLE BY CALLING 800-342-9647.

22G. CONTACT/VISIT THE FINANCIAL SERVICES OFFICE (FSO) UPON RECEIPT OF ORDERS TO MAKE FINANCIAL ARRANGEMENTS AND ADVISEMENT.

22H. ALL TRAVELERS ELIGIBLE FOR A GTCC SHOULD HAVE ONE AND USE IT TO THE MAXIMUM EXTENT POSSIBLE FOR OFFICIAL GOVERNMENT TRAVEL EXPENSES (TDY, DEPLOYMENT, PCS).IAW PUBLIC LAW 105-264, GOVERNMENT TRAVEL CARD (GTC) USE IS MANDATORY FOR ALL AUTHORIZED EXPENSES UNLESS OTHERWISE EXEMPTED UNDER SPECIFIC PROVISIONS DETAILED IN PARA E OFTHE TRAVEL TRANSPORTATION REFORM ACT. IF AIRMAN IS A GTC HOLDER USE OF HIS/HER INDIVIDUALLY BILLED ACCOUNT IS MANDATORY FOR ALL COMMERCIAL TRANSPORTATION ARRANGEMENTS AND ADVANCE TRAVEL PAY IS NOT AUTHORIZED. IF AIRMAN IS A NONCARD HOLDER THE CENTRALLY BILLED ACCOUNT WILL BE UTILIZED FOR ALL COMMERCIAL TRANSPORTATION ARRANGEMENTS.(DOES NOT APPLY TO PCS IDS 'V' & 'M') "FEES INCURRED FOR CONVENTIONAL LODGING ARE AUTHORIZED, IAW JTR TABLE 2-16."

22I. AIRMAN IS AUTHORIZED PCS WEIGHT ALLOWANCES AND NTS AS SPECIFIED IN THE JTR TABLE 5-37 AND PAR.0514, DTMO WEBSITE. THE LOSING PDS TMO WILL DETERMINED HHG RESTRICTIONS AND ENTITLEMENTS FOR THE GAINING LOCATION.

22J. AIRMAN MUST COMPLETE ALL PPC REQUIREMENTS FOR REASSIGNMENT PRIOR TO DEPARTURE DATE. PPC: (SCJ)

22K. TRAVEL BY GOVERNMENT OR GOVERNMENT PROCURED AIRCRAFT IS DIRECTED. OBTAIN GOVERNMENTPROCURED TRAVEL RESERVATIONS THROUGH THE TMF/CTO, UNDER PROVISIONS OF AFI 24-101, AND JTR. SELF-PROCUREMENT OFTRANSOCEANIC OFFICIAL TRAVEL AND USE OF FOREIGN FLAG (NON-US) CARRIERS ARE NOT AUTHORIZED UNLESS SPECIFICALLYAPPROVED PRIOR TO TRAVEL BY A STATEMENT OF NON-AVAILABILITY AND AUTHORIZATION PROVIDED BY THE TMF/CTO. IF YOU NEEDASSISTANCE WITH YOUR RESERVATIONS CONTACT THE FOLLOWING: AMC FLIGHT CHANGES: IF YOU NEED ASSISTANCE WITH YOUR RESERVATION CONTACT YOUR TRAFFIC MANAGEMENT OFFICE OR LOCAL BOOKING AGENCY

22L. IF YOU HAVE SCHOOL AGE DEPENDENTS ACCOMPANYING YOU ON THESE ORDERS, CONTACT YOUR INSTALLATION SCHOOL LIAISON TO ASSIST WITH IMPORTANT EDUCATION TRANSITION INFORMATION. A LISTING OF SCHOOL LIAISONS CAN BE FOUND AT WWW.DODEA.EDU/PARTNERSHIP OR BY EMAILING LORI.PHIPPS@US.AF.MIL

22M. AIRMEN TRAVELING INTERNATIONALLY ARE DIRECTED TO REVIEW THE FOREIGN CLEARANCE GUIDE (FCG), HTTPS://WWW.FCG.PENTAGON.MIL/FCG.CFM, FOR THEMSELVES AND THEIR ENTIRE TRAVELING PARTY (TO INCLUDE DEPENDENTS) TO ENSURE THAT ALL COUNTRY REQUIREMENTS ARE MET PRIOR TO ARRIVAL. COUNTRY-SPECIFIC REQUIREMENTS ARE DYNAMIC AND UPDATES MAY BE MADE AFTER DEPARTURE FROM THE LOSING LOCATION BUT PRIOR TO ARRIVAL TO THE GAINING COUNTRY; THE FCG SHOULD BE REFERENCED EARLY AND OFTEN DURING TRAVEL PLANNING AND EXECUTION OF TRAVEL.

22N. AIRMEN AND DEPENDENTS RETURNING FROM OVERSEAS MUST SURRENDER NO-FEE PASSPORTS TO THEIR CONUS MPF UPON IN-PROCESSING.

22O. POV SHIPMENT/TRANSPORTATION ENTITLEMENT AUTHORIZATION/VALIDATION IAW THE JTR, PPCIG, AND PPA HQ ADVISORY 17-001

22P. DEPENDENT(S) HAVE BEEN MEDICALLY CLEARED FOR TRAVEL ON (04 MAY 2022).

22Q. (SECRET CLEARANCE COMPLETED) REQUESTED ON THE AIRMAN BY (OPM) ON (27 NOV 2017).

AF FORM 899, 20100910

PRIVACY ACT INFORMATION: The Information In this form is
FOR OFFICIAL USE ONLY. Protect IAW The Privacy Act of 1974.

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of S.K, P.K., and A.K. )<br>)<br>MICHAEL KRAUSE )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TARA KRAUSE )<br>)<br>Respondent. )<br>_____) | No. 1:21-cv-01706-JLT-SAB |

<u>**PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUESTS FOR ADMISSION**</u>

Petitioner Michael Krause, though his undersigned counsel, responds and objects to Respondent's First Requests for Admission as follows:

<u>**Preliminary Statement**</u>

1. These responses reflect on the current state of Petitioner's knowledge, understanding and belief with respect to the matters addressed in the Respondent's First Requests for Admission and are made solely for the purposes of this action. Pursuant to Fed. R. Civ. P. 26. Petitioner reserves the right to modify or supplement its response with such pertinent information as it may subsequently discover. Furthermore, these responses are given without prejudice to Petitioner's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these answers as a result of, among other things, mistake, error, oversight, or inadvertence.

2. The fact that Petitioner responds to any Request for Admission shall not be construed as a waiver of all or any part of the objections interposed by Respondent to any Request for Admission.

3. Nothing contained herein is intended to be, or shall be in any way construed as, a waiver of any attorney-client privilege, work-product protection, right to privacy, or any other applicable privilege, immunity, or protection. Any inadvertent inspection and subsequent production of any privileged information shall not constitute a waiver of any of the rights or privileges of Petitioner. To the extent that any Request for Admission may be construed as calling for disclosure of information protected by any privilege, immunity, or protection, a continuing objection to any and all such Requests for Admission is hereby interposed.

4. Petitioner's response to a specific Request for Admission should not be construed as an admission that Petitioner accept or admits the existence of any documents, evidence, fact, and/or thing, and/r the validity of any legal argument, set forth in or assumed by such Request for Admission.

5. Petitioner has not completed his investigation of the facts relating to this case and has not completed preparation for trial. The following responses are based upon information presently available to Petitioner and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents or things, or legal arguments. Petitioner specifically reserves the right to supplement these responses and to do so to the extend required or permitted under the Federal Rules of Civil Procedure.

### General Objections

1. Petitioner objects to any and all Requests for Admission, Definitions, and/or Instructions to the extent that they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and/or Local Rules of the United States District Court for the Eastern District of California.

2.  Petitioner objects to the Requests for Admission to the extent that they are vague, ambiguous, cumulative, duplicative, overbroad unduly burdensome, based on incorrect factual assumptions, or otherwise unclear as to the precise information sought, and to the extent that they seek factual information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.  Petitioner objects to all Requests for Admission to the extent that they seek documents, information, or materials that are or were readily available to the Respondent.

4.  Petitioner objects to any and all Requests for Admission to the extent that they call for or assume a legal conclusion.

5.  Petitioner objects to any Request for Admission to the extent that they are argumentative and/or assume or suggest the existence of any fact or circumstance that is or may in the future be in dispute in this litigation.

6.  Petitioner objects to any Request for Admission to the extent it is compound and/or attempts to treat discrete subparts of a Request for Admission as a single Request for Admission.

## ANSWERS TO FIRST REQUESTS FOR ADMISSION

24.  Admit on February 3, 2022, Mr. Krause told Tara Krause he was contemplating taking an assignment, commencing within 90 to 180 days, at Beal Air Force Base in California.

Response: Objection. The question seeks disclosure of information arising out of settlement negotiations and therefore not admissible under Federal Rule of Evidence 408.

25.  Admit as of February 3, 2022, Michael Krause had informally requested an assignment in California.

Response: Deny.

26. Admit as of February 3, 2022, Michael Krause had formally requested an assignment in California.

Response: Deny.

27. Admit as of February 3, 2022, Michael Krause has contemplated an assignment with the Air Force in the Unites States and not in Germany.

Response: Petitioner can neither admit nor deny.

28. Admit as of February 3, 2022, Michael Krause Continues to maintain an action for divorce and custody in the State Court of Texas.

Response: Deny.

29. Admit in an order dated October 4, 2021, Judge Jay K. Weatherby made a "conclusion of law," in a divorce and custody action commenced by Petitioner Michael Krause, finding, "Tom Green County, Texas is an appropriate venue for this matter."

Response: Objection. Judge Jay K. Weatherby's conclusions of law speak for themselves.

30. Admit in an order dated October 4, 2021, Judge Jay K. Weatherby made a "conclusion of law," in a divorce and custody action commenced by Petitioner Michael Krause, finding, "The Petitioner is a resident of the State of Texas (and was at the time the suit for dissolution was filed) and the Court has personal jurisdiction over the Petitioner in this matter."

Response: Objection. Judge Jay K. Weatherby's conclusions of law speak for themselves.

31. Admit in an order dated October 4, 2021, Judge Jay K. Weatherby made a "conclusion of law," in a divorce and custody action commenced by Petitioner Michael Krause, finding, "Texas is the last state where the parties shared a marital "residence" and it appears to this court that both parties are still legal residents of the State of Texas (so the suit was filed before the second anniversary of the date on which the marital residence ended)."

Response: Objection. Judge Jay K. Weatherby's conclusions of law speak for themselves.

32. Admit in an order dated October 4, 2021, Judge Jay K. Weatherby made a "conclusion of law," in a divorce and custody action commenced by Petitioner Michael Krause, finding, "This Court has acquired personal jurisdiction over the nonresident Respondent [Tara Krause]."

Response: Objection. Judge Jay K. Weatherby's conclusions of law speak for themselves.

33. Admit in an order dated October 4, 2021, Judge Jay K. Weatherby made a "conclusion of law," in a divorce and custody action commenced by Petitioner Michael Krause, finding, "This Court has jurisdiction over issues involving conservatorship, child support and possession and access of the children."

Response: Objection. Judge Jay K. Weatherby's conclusions of law speak for themselves.

34. Admit Michael Krause prevailed in Judge Jay K. Weatherby's finding that the State of Texas held personal jurisdiction over Michael and Tara Krause.

Response: Objection. Judge Jay K. Weatherby's findings speak for themselves.

35. Admit Judge Jay K. Weatherby's finding that the State of Texas had personal jurisdiction over Michael and Tara Krause was based on a finding of residency.

Response: Objection. Judge Jay K. Weatherby's findings speak for themselves. Petitioner also objects to this request for admission to the extent that it calls for a conclusion of law.

36. Admit Michael Krause did not testify his marital residency was in Germany during the August 30, 2021 hearing in Texas State Court.

Response: Petitioner objects to this request for admission to the extent that it calls for a conclusion of law. Petitioner also objects to this request for admission to the extent that it is vague, ambiguous, cumulative, duplicative, and overbroad.

37. Admit Michael Krause did not testify his habitual residence was in Germany during the August 30, 2021 hearing on *Respondent's Special Appearance, Plea to the Jurisdiction, and Request for the Court to Decline Jurisdiction* in Texas State Court.

Response: Objection. The trial transcript speaks for itself.

38. Admit Michael Krause did not testify his children's habitual residence was Germany during the August 30, 2021 hearing on *Respondent's Special Appearance, Plea to the Jurisdiction, and Request for the Court to Decline Jurisdiction* in Texas State Court.

Response: Objection. The trial transcript speaks for itself.

39. Admit that Michael Krause did not testify that he intended to indefinitely reside in Germany during the August 30, 2021 hearing on *Respondent's Special Appearance, Plea to the Jurisdiction, and Request for the Court to Decline Jurisdiction* in Texas State Court.

Response: Objection. The trial transcript speaks for itself.

40. Admit had Michael Krause testified Germany was his permanent home and that he intended to indefinitely reside in Germany, Judge Weatherby would have been unlikely to find the State of Texas has personal jurisdiction over Michael Krause in his "conclusion of law" pertaining to the hearing on *Respondent's Special Appearance, Plea to the Jurisdiction, and Request for the Court to Decline Jurisdiction* in Texas State Court.

Response: Petitioner objects to this request for admission to the extent that it calls for speculation.

Dated: February 14, 2022
       New York, New York

                                            _____
                                            Richard Min
                                            Attorney for Petitioner
                                            Green Kaminer Min & Rockmore LLP
                                            420 Lexington Avenue, Suite 2821
                                            New York, New York 10170
                                            (212) 681-6400

## VERIFICATION

I, Michael Krause, declare under penalty of perjury that I am the Petitioner in the within action and have read the foregoing Petitioner's Responses and Objections to Petitioner's First Requests for Admission and know the contents of the foregoing are true and correct, to the best of my knowledge, except as to those matters alleged upon information and belief.

Executed on February 14, 2022

# Michael Krause

Michael Krause

MK

**Signature:** M̶i̶c̶h̶a̶e̶l̶ ̶K̶r̶a̶u̶s̶e̶ (Feb 15, 2022 02:30 GMT+1)

**Email:** uclakrause@gmail.com

# 220214 Petitioner's Response to Petitioner's Second Request for Admisions

Final Audit Report  2022-02-15

| | |
|---|---|
| Created: | 2022-02-15 |
| By: | Richard Min (rmin@gkmrlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAk93umBqlxj0ftJ9kDO87ZtukWcizXLIb |

## "220214 Petitioner's Response to Petitioner's Second Request for Admisions" History

- Document created by Richard Min (rmin@gkmrlaw.com)
  2022-02-15 - 1:26:37 AM GMT

- Document emailed to Michael Krause (uclakrause@gmail.com) for signature
  2022-02-15 - 1:27:30 AM GMT

- Email viewed by Michael Krause (uclakrause@gmail.com)
  2022-02-15 - 1:27:45 AM GMT

- Document e-signed by Michael Krause (uclakrause@gmail.com)
  Signature Date: 2022-02-15 - 1:30:36 AM GMT - Time Source: server

- Agreement completed.
  2022-02-15 - 1:30:36 AM GMT

Adobe Sign