# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KRAUSE,<br><br>    Petitioner,<br><br>v.<br><br>TARA KRAUSE,<br><br>    Respondent. | Case No. 1:21-cv-01706-JLT-SAB<br><br>ORDER FOLLOWING PRE-EVIDENTIARY HEARING AND SETTING FINAL BRIEFING AND EVIDENTIARY HEARING SCHEDULE<br><br>**Hearing Re Subpoena:** September 21, 2022, at 10:00 a.m. in Courtroom 9 (SAB)<br><br>**Evidentiary Hearing:** September 30, 2022, at 8:30 a.m. in Courtroom 9 (SAB) |

**I.     INTRODUCTION**

On November 30, 2021, Petitioner Michael Krause filed this action pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"),and the International Child Abduction Remedies Act ("ICARA"), Pub. L. No. 100-300, 102 Stat. 437 (1988) (codified as amended at 22 U.S.C. § 9001 *et seq.*), which implements the Convention. See Radu v. Shon, 11 F.4th 1080, 1084–85 (9th Cir. 2021).  This matter has been referred to the undersigned for the issuance of findings and recommendations or other appropriate action pursuant to 28 U.S.C. § 636.  (ECF No. 17 at 3.)

Remaining pending before the Court are Petitioner's motion to dismiss filed May 23, 2022 (ECF No. 70); Petitioner's motion for sanctions filed June 1, 2022 (ECF No. 78); and Respondent Tara Krause's motion for sanctions filed June 1, 2022 (ECF No. 79).  An evidentiary

hearing relating to the pending motions is currently set for September 30, 2022. (ECF No. 85.) On September 2, 2022, the Court held a pre-evidentiary hearing conference. (ECF No. 85.) Counsel Richard Min and Michael Banuchis appeared via video on behalf of Petitioner. Counsel Drexwell Jones appeared via video on behalf of Respondent.

## II. EVIDENTIARY HEARING

An evidentiary hearing will begin on **Friday, September 30, 2022**, at **8:30 a.m.** before United States Magistrate Judge Stanley A. Boone in Courtroom 9. The presentation of evidence and witnesses is expected to take one (1) day.

## III. IN PERSON APPEARANCES AND TESTIMONY

All witnesses shall be present in person to give live testimony. However, the parties may agree by stipulation to allow a witness to appear by video, with adequate technological procedures in place so that the Court and all parties and counsel can hear, understand, and direct questions to the witness in an efficient and clear manner. Any witness that will appear by video shall be advised that although they are appearing remotely they are appearing in court and shall conduct themselves accordingly. There shall be no person present during the testimony other than counsel if the person is represented. Nor is the witness to use notes to testify nor shall they have notes or aides to view or refresh their memory, unless and until the proper evidentiary foundation is laid to review and/or refresh such memory. The Court may require a visual review of the testifying area prior to and/or during the taking of testimony. Accordingly, any witness appearing by video shall appear in a format complying with these requirements, and the Court is not inclined to continue any hearing or witness testimony due to technical or other related issues.

At the September 2, 2022, counsel Richard Min requested to appear remotely at the evidentiary hearing. Respondent's counsel stated they did not oppose such request, and the Court shall allow counsel for Petitioner to appear via video, subject to the proffer that local counsel will additionally appear in-person on behalf of Petitioner.

## IV. FILING DEADLINES

### A. Witnesses

No later than **September 26, 2022**, each party shall file and serve a final witness list,

including the name of each witness along with the business address or city of residence for each witness, to the extent known. **The parties may not call any witness that is not on the final witness list unless (1) it is <u>solely</u> for impeachment or rebuttal purposes, (2) the parties stipulate, (3) additional witnesses are required in light of the Court's ruling on a motion *in limine*, or (4) it is necessary to prevent "manifest injustice."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

The parties are forewarned that <u>every</u> witness they intend to call must appear on their own witness list. The mere fact that a witness appears on the opposing party's witness list is not a guarantee that the witness will be called at the hearing or otherwise be available for questioning by other parties. Each party must undertake independent efforts to secure the attendance of <u>every</u> witness they intend to call at the hearing.

If evidentiary problems are anticipated, the parties' counsel shall immediately notify the Court that a hearing will be required. At the September 2, 2022 hearing, Respondent indicated the need to file a motion pertaining to a subpoena issued to a nonparty. The Court shall set a hearing for **September 21, 2022, at 10:00 a.m. in Courtroom 9**, for Respondent's forthcoming motion.

**B.     Exhibits**

No later than **September 26, 2022**, the parties shall file and serve their final exhibit list and pre-marked exhibits.

1.     <u>Pre-Marked Exhibits</u>:

All exhibits must be pre-marked with an exhibit sticker or other legible numbering/lettering. If the individual exhibit includes multiple pages and is not easily identified as to each page (i.e., Bates stamp numbering), then the exhibit must be page numbered. This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence. Impeachment or rebuttal evidence need not be pre-marked. However, evidence of bias, extrinsically introduced, must be pre-marked.

**a.     Joint Exhibits**: Joint exhibits are those exhibits which all parties agree may be

3

admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence. Joint exhibits must be pre-marked with the designation "[J]" (e.g., J-1, J-2, etc.). Those exhibits may be introduced at any time during the course of the hearing. However, unless the parties agree otherwise on the record, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence.

    **b.**    **Petitioner's Exhibits**: Petitioner's exhibits must be pre-marked using the letter "P" and **numbers** beginning with 200 (e.g., P 200, P 201, etc.).

    **c.**    **Respondent's Exhibits**: Respondent's exhibits must be pre-marked using the letter "R" and **numbers** beginning with 500 (e.g., 500, 501, etc.).

2.    <u>Exchange and Filing of Exhibits List and Exhibits</u>

No later than **September 23, 2022**, the parties shall exchange their proposed exhibits to the extent they have not done so, and meet and confer regarding marking, examination of exhibits, and to prepare exhibit lists. No later than **September 26, 2022**, the parties shall file and serve their final exhibit list and pre-marked exhibits.

Petitioner shall mark exhibits beginning with P 200, Pl 201, Pl 202, etc. Respondent shall mark exhibits with R 500, R 501, R 502, etc. All documents shall be submitted in PDF format and saved by exhibit identifier (i.e.: P 200 shall be saved P 200.pdf, etc.), except video and audio which shall be submitted in the formal as set forth in the Eastern District of California website under "Attorney Info" then "Electronic Evidence Submission/Presentation" and proceed to section entitled "Acceptable Audio and Video Formats," but that file shall be saved with exhibit identifier, as noted above (except that the file extension will be in the video or audio format allowed for under Eastern District format [P 201.*wmv*, etc.). **All exhibits shall be electronic and the parties are relieved from the obligation to provide binders to the Court and opposing counsel.** The parties shall contact Courtroom Deputy Victoria Gonzales to obtain the link for the electronic evidence box.

3.    <u>Responses to Discovery Requests</u>

The parties may admit responses to discovery requests into evidence. The parties shall

4

file and serve a list of all responses to discovery requests intended to be used no later than **September 26, 2022.** The list shall identify the responses to discovery requests by title and set number.

If a party seeks to admit a physical copy of the written discovery responses or the documents produced in response to the discovery requests into evidence, the discovery responses or documents must be pre-marked as an exhibit in the same manner discussed above. Alternatively, if the party intends to read relevant portions of the discovery responses into evidence, a copy of the discovery responses must be lodged with the Court no later than **September 26, 2022.** The Court will address objections to discovery responses as they arise during the evidentiary hearing.

All parties are reminded of their continuing obligation to update their prior discovery responses if they obtain new information or is otherwise made aware that a prior discovery response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**If a party attempts to admit or use for any purpose evidence that (1) was not previously disclosed during discovery and (2) should have been disclosed as an initial disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the Court will prohibit that party from admitting or using for any purpose that evidence, unless the failure was substantially justified or was harmless. See Fed. R. Civ. P. 37(c)(1).**

4. <u>Deposition Testimony</u>

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than September 19, 2022.** Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than September 26, 2022.** The original certified transcript of any deposition identified in a designated or counter-designation shall be lodged with the clerk's office **no later than September 26, 2022**, if not previously lodged with the Court.

If any party intends to admit relevant portions of deposition testimony into evidence, or any corresponding exhibits, the relevant deposition testimony or deposition exhibits must be pre-marked as an exhibit in the same manner discussed above. However, any party may request that

deposition testimony offered for any purpose other than impeachment be presented in non-transcript form, if available.  See Fed. R. Civ. P. 32(c).

The Court will address objections to deposition testimony as they arise during the hearing.

### 5. Post-Hearing Exhibit Retention

Pursuant to Local Rule 138(f), the Court will order that custody of all exhibits used, referenced and/or admitted at be returned to the party who initially marked the exhibit, irrespective or who used, reference or admitted the exhibit.  The parties shall retrieve the original exhibits from the Courtroom Deputy following the close of evidence.  Joint Exhibits will be returned to Petitioner unless otherwise agreed to by the parties in writing or on the record.  If a party wishes another method for exhibit retention, then such alternative method must be raised prior to the return of the exhibits.

### C. **Final Evidentiary Hearing Briefs**

Final evidentiary hearing briefs shall be filed and served no later than **September 26, 2022.**  Because the parties have already submitted substantive briefing in this matter, the parties may direct the Court to such already completed briefing, and the Court expects the parties to only further brief those issues not yet briefed in the previous briefing, or to supplement legal or factual authority in light of the issues to be developed at the evidentiary hearing.  Further, because the parties have already submitted briefs, the Court will not accept responsive briefs.

### V. **COMPLIANCE WITH THIS ORDER**

Strict compliance with this order and its requirements is mandatory.  This Court will strictly enforce the requirements of this order.  Failure to comply with all provisions of this order may be grounds for the imposition of sanctions, including possible dismissal of this action or entry of default, on any counsel as well as on any party who causes non-compliance with this order.  This order shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

### VI. **OBJECTIONS TO OR STIPULATED CHANGES TO THIS ORDER**

Any party may file and serve written objections to any of the provisions of this order within **seven (7) days** of the date of entry of this order.  Such objections shall specify the

requested modifications, corrections, additions, or deletions.

Additionally, the parties may stipulate to alterations to this order's requirements or dates and deadlines, subject to the approval of the Court.

## VII.   USE OF ELECTRONIC EQUIPMENT IN COURTROOM

The parties are directed to the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB).  In the area entitled "Case Management Procedures," there is a link to "Courtroom Technology."  Any party wishing to test their own equipment in coordination with the Court's electronic equipment may contact the Courtroom Deputy Clerk Victoria Gonzales at (559) 499-5672 or vgonzales@caed.uscourts.gov at least two (2) weeks before the start of the evidentiary hearing.

The parties are advised that electronic equipment and resources available for this hearing may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time.  It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this courtroom prior to the commencement of any hearing.  If any party is unfamiliar with the equipment and resources available, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

## VIII.   OTHER INFORMATION

Additional information describing this Court's expectations regarding attorney conduct and decorum during all proceedings before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB).  In the area entitled "Case Management Procedures," there are links to "Standard Information" and "Trial Conduct and Decorum."

/ / /

/ / /

All parties and counsel shall comply with the guidelines set forth therein. However, in the event there is a conflict between this order and the information on the website, this order shall supersede the information on the Court's website.

IT IS SO ORDERED.

Dated: __**September 2, 2022**__    _____
UNITED STATES MAGISTRATE JUDGE