**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL KRAUSE,<br><br>          Petitioner,<br><br>     v.<br><br>TARA KRAUSE,<br><br>          Respondent. | Case No. 1:21-cv-01706-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION TO DISMISS, AND DISMISSING ACTION WITH RETENTION OF ANCILLARY JURISDICTION OVER ISSUES RELATING TO SANCTIONS AND ATTORNEYS' FEES<br><br>(Docs. 70, 109) |

This action proceeds on Michael Krause's verified petition for the return of children to him brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 17.)

On March 16, 2023, the assigned Magistrate Judge issued an order denying Petitioner's motion for sanctions (Doc. 78) and granting Tara Krause's motion for sanctions in part (Doc. 79) as to those fees incurred after a May 18, 2022 hearing. (Doc. 109.) Considering the order adjudicating the cross-motions for sanctions, the Court further issued findings and recommendations, recommending granting Petitioner's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 70), and dismissing this action with a retention of ancillary jurisdiction to adjudicate any outstanding issues pertaining to the award of attorneys'

fees and costs.  (Doc. 109 at 49-50.)[1]

The Court served the findings and recommendations on the parties. It notified them that objections must be filed within 14 days.  (Doc. 109 at 50-51.) The Petitioner filed a document purporting to be objections to the findings and recommendations.  (Doc. 112.)  However, the filing is, instead, a request for reconsideration of the Magistrate Judge's sanctions order.  (*Id.*)  The Petitioner makes no objection to the recommendation of granting the motion to dismiss.  (*Id.*)

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a de novo review of the case. Having carefully reviewed the entire matter, the Court concludes that the findings and recommendations regarding the motion to dismiss are supported by the record and by proper analysis. The Court therefore finds it appropriate to GRANT the motion to dismiss, but it will retain ancillary jurisdiction to address any remaining issues, including Petitioner's request for reconsideration filed March 30, 2023.  (Doc. 112.)  Thus, the Court **ORDERS**:

1. The Findings and Recommendations filed on March 16, 2023 (Doc. 109), are **ADOPTED** in full.
2. Petitioner's motion to dismiss (Doc. 70), is **GRANTED**.
3. This action is **DISMISSED** with prejudice, with a retention of ancillary jurisdiction to adjudicate any outstanding issues relating to the award of attorneys' fees or imposition of sanctions.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 3, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] Respondent, in her response to the Petitioner's motion to dismiss, had requested the dismissal be conditioned on an award of costs and attorneys' fees. (Doc. 71.) Because the Magistrate Judge issued an order adjudicating the cross-motions for sanctions, awarding what it finds to be proper attorneys' fees, the Magistrate Judge recommended the Petitioner's motion to dismiss, be granted, and this action be dismissed with prejudice, with a retention of jurisdiction for ancillary matters dealing with attorneys' fees and sanctions.