1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Michael Krause,                              No. 1:21-cv-01706-KJM-SAB

12                          Petitioner,            ORDER

13          v.

14    Tara Krause,

15                          Respondent.

16

17

18          Respondent Tara Krause moves for an award of attorneys' fees and costs in this matter.

19    As explained below, the court **grants** the motion but **decreases** the award.

20    I.      BACKGROUND

21          Another judge in this district explained the background of this case in previous orders, and

22    this court incorporates those discussions here without repeating them. *See generally* Petition,

23    ECF No.1; Order (March 16, 2023), ECF 109; Order (April 3, 2023), ECF 114. By way of brief

24    summary, petitioner Michael Krause, a Lieutenant Colonel of the United States Air Force, sought

25    custody of his children he shares with respondent Tara Krause based on the Convention on the

26    Civil Aspects of International Child Abduction after respondent moved their children from

27    Germany to California without petitioner's consent. Pet. at 2–3. As part of this case and in

28    preparation for an upcoming trial the parties were scheduled to appear for an evidentiary hearing

                                                    1

regarding petitioner's Motion in Limine on May 18, 2022, at 10:00 a.m.  *See* Motion (May 11, 2022), ECF No. 45; Minutes (May 18, 2022), ECF No. 54.  Based on petitioner's conduct and his counsel's objection to a continuance in relation to the May 18 evidentiary hearing, respondent filed a motion for sanctions on June 1, 2022.  *See* Motion (June 1, 2022), ECF No. 79.  As part of her motion, respondent also sought subpoenas to procure the testimony of Lieutenant Colonel Mikita Brown.  *Id.* at 10.  Following a sanctions evidentiary hearing on September 30, 2022, the court found petitioner extended the proceedings in this case "unreasonably and vexatiously" by refusing to continue the May 18, 2022 hearing despite personal knowledge of a location reassignment which directly impacted the relief he was seeking.  *See* Order (March 16, 2023) at 45–47.  Col. Brown ultimately testified at the sanctions evidentiary hearing but the judge found her testimony to support petitioner's assertion about the timeline of events and that petitioner's request to relocate as a result of the child custody claims was not guaranteed.  *Id.* at 45.  On March 16, 2023, the court granted respondent's motion, and ordered sanctions against petitioner for "attorneys' fees, costs, and expenses, incurred after the May 18, 2022 hearing was held, including for those incurred in relation to the parties' sanctions motions"; the court relied on 28 U.S.C. § 1927 and the district court's inherent authority to impose sanctions.  *Id.* at 47.  The court found sanctions under Federal Rule of Civil Procedure 11 were not appropriate, however.  *Id.* at 41–42.

Respondent then filed the pending motion seeking attorneys' fees and costs on April 14, 2023.  *See* Motion (April 14, 2023), ECF No. 117.  Respondent's seeks $65,112.25, which she claims is reasonable under both a "lodestar" analysis based on hourly rates, the time devoted to the case, and petitioner's sanctionable conduct in relation to the May 18, 2022 hearing.  *Id.*  The motion is fully briefed.  *See generally* Opp'n, ECF No. 119; Reply, ECF No. 120.  The court at its discretion has determined a hearing is not necessary and submits the matter based on the parties' briefs.  L.R. Ed. Cal. 230(g).

## II.    LEGAL STANDARD

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose,

1   unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*,

2   576 U.S. 121, 126 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–

3   53 (2010)).  However, courts may depart from the American Rule based on "specific and explicit

4   provisions for the allowance of attorneys' fees under selected statutes." *Id.* (internal citations

5   omitted).  Federal courts have the inherent power to "assess attorney's fees against counsel"

6   despite the American Rule generally prohibiting fee shifting. *Chambers v. NASCO, Inc.*,

7   501 U.S. 32, 45 (1991).

8          Calculating an award of attorneys' fees is performed according to a standard of

9   "reasonableness." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1099 (E.D. Cal. 2011).  A

10  determination of reasonableness generally involves a two-step process: (1) calculating the

11  "lodestar figure" by multiplying the number of hours reasonably expended on litigation by the

12  reasonable hourly rates, and (2) adjusting the "lodestar figure" based on a consideration of other

13  factors "including, among other things, the time and labor required; the novelty and difficulty of

14  the questions involved; the skill requisite to perform the legal service properly; the preclusion of

15  other employment by the attorney due to acceptance of the case; and whether the fee is fixed or

16  contingent." *Id.* at 1099–1100.  Not all factors need to be considered in determining a

17  "reasonable" award. *Id.* at 1100.

18         Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs to a prevailing party, in

19             addition to attorneys' fees, as respondent requests here. *See* Fed. R. Civ. P. 54(d)(1).

20  **III.    ANALYSIS**

21         Respondent argues the requested award should be approved in line with this court's order

22  granting sanctions, and the award is reasonable under a "lodestar" analysis.  Petitioner contends

23  the requested award should be denied because: (1) the work related to seeking sanctions under

24  Rule 11 should be excluded; (2) the fees and costs related to the subpoenas of Col. Brown are

25  excessive and unnecessary; (3) many of the fees and costs generated do not have a "but for"

26  causal connection to petitioner's sanctionable conduct; and (4) the sanctions do not clearly

27  allocate liability between petitioner and his attorneys.  The court analyzes each of these

28  arguments in turn.

3

1    **A.**  **Lodestar Analysis**

2      **1.**  **Reasonable Hourly Rates**

3    Courts often evaluate proposed hourly rates by reviewing the rates that other judges in the

4 same district have used in similar cases. *See, e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106,

5 1115 (9th Cir. 2008). Judges within this district have approved a relatively wide range of hourly

6 rates in recent years, depending on the type of case and its complexity. *See, e.g.*, *Goodson v.*

7 *County of Plumas*, No. 18-03105, 2024 WL 99847, at *3 (E.D. Cal. Jan. 9, 2024) (collecting

8 cases); *Diaz v. United Parcel Serv., Inc.*, No. 22-00246, 2023 WL 8622325, at *17 (E.D. Cal.

9 Dec. 13, 2023) (same). At the higher end of that spectrum, courts have awarded fees based on

10 hourly rates between $600 and $700 per hour for attorneys with thirty years' experience or more

11 who represent clients in complex civil cases. *See, e.g.*, *Anderson v. Safe Streets USA, LLC*, No.

12 18-00323, 2024 WL 4826446, at *3 (E.D. Cal. Nov. 19, 2024); *Goodson*, 2024 WL 99847, at *4;

13 *Diaz*, 2023 WL 8622325, at *17; *Cooks v. TNG GP*, No. 16- 01160, 2021 WL 5139613, at *6

14 (E.D. Cal. Nov. 4, 2021). Courts commonly approve rates between $500 and $600 per hour in

15 complex civil cases for attorneys with multiple decades' experience, but hourly rates between

16 $400 and $500 are more common. *See, e.g.*, *Goodson*, 2024 WL 99847, at *4; *Diaz*, 2023 WL

17 8622325, at *17; *Cooks*, 2021 WL 5139613, at *6. Attorneys with less than ten years' experience

18 typically are awarded fees based on hourly rates between $200 and $400. *See id.* Paralegals are

19 reasonably compensated between $100 and $250 per hour within this district, depending on

20 experience. *See, e.g.*, *Mostajo v. Nationwide Mut. Ins. Co.*, No. 17-00350, 2023 WL 2918657, at

21 *11 (E.D. Cal. Apr. 12, 2023); *Rosenof v. Kijakazi*, No. 20-01491, 2022 WL 2442235, at *3

22 (E.D. Cal. July 5, 2022).

23    Here, two attorneys and two paralegals devoted time to respondent's case. Motion

24 (April 14, 2023) at 2. A list showing all fees requested, including the proposed rates for each

25 person, is shown in the declaration of respondent's lead attorney, Drexwell M. Jones. Jones Decl.,

26 ECF No. 117-1. For the attorneys, who both have multiple decades of experience practicing law

27 in California, respondent proposes hourly rates between $400 and $425. *Id.* ¶¶ 9–10. For the

28 paralegals, respondent proposes hourly rates of $175. *Id.* ¶¶ 11–12.

1    Having reviewed these rates and the details of the case, the court finds the proposed

2    hourly rates are reasonable given the years of litigation between the parties involving complex

3    matters of both international child custody and justifiable need to research legal issues related to

4    the sanctionable conduct, and the court's ancillary jurisdiction to resolve attorneys' fees even

5    after the primary child custody issues were resolved in 2023. *See* Order (April 3, 2023), ECF

6    No. 114.

7                    **2.    Reasonable Hours Worked**

8    On March 16, 2023, petitioner was ordered to pay "attorneys' fees, costs, and expenses,

9    incurred after the May 18, 2022 hearing, as a sanction. Order (March 16, 2023) at 47.

10   Notwithstanding minor issues addressed below, respondent's counsel correctly limits their request

11   for fees and costs spent representing respondent after the scheduled May 18, 2022 hearing.

12   Specifically, respondent's counsel has identified the tasks they performed for respondent's

13   case after May 18, 2022, and request compensation for the time they spent on these tasks and any

14   related costs. These tasks included, for example, researching and drafting respondent's motion

15   for sanctions, preparing for and appearing at numerous court hearings, and repeatedly

16   communicating with the United States Air Force regarding witness availability. *See generally*

17   Jones Decl. Counsel also provides a generalized table of how they allocated their time between

18   and among the various persons involved. In total, these tasks represented approximately 160

19   hours of work allocated to respondent's representation after the May 18, 2022 hearing. A list

20   detailing the number of hours billed by each person appears on pages four through thirty of

21   Jones's declaration. *Id.*

22   Having reviewed the record, the court finds the proposed hours were well within the

23   bounds of what was reasonable in this matter. *Id.* ¶¶ 9–12. Counsel for respondent litigated

24   vigorously on behalf of their client over a period of approximately a year and a half. Under this

25   Circuit's precedent, the court hesitates to second-guess the judgment of counsel in the allocation

26   of their time. *Moreno* 534 F.3d at 1112 (advising district courts to "defer to the winning lawyer's

27   professional judgment as to how much time . . . was required").

1    Respondent multiplied the rate for each position by the number of hours worked by each

2    position—a combined total of 178.5 hours—to create a total lodestar amount of $62,815.00.

3    Jones Decl. ¶¶ 9–13.  Respondent also requests $2,297.25 in costs incurred after May 18, 2022.

4    *Id.* ¶ 15.  The lodestar fee combined with respondent's court costs results in a total amount

5    requested of $65,112.25.  The court finds this award is justified given the complexity of this

6    litigation and petitioner's sanctionable conduct, even after taking account of the prior sanctions

7    award.

8    **B.    Rule 11 Costs**

9    Petitioner argues that any fees respondent incurred in seeking sanctions under Rule 11

10   should be excluded from any award given the court previously found sanctions were not justified

11   under Rule 11.  Respondent argues in response their labeling billing entries for a "Rule 11

12   motion" is a general description of their work on the motion for sanctions, which contained other

13   bases for the awarded sanctions.  Reply at 2.

14   District courts may reject fees for unsuccessful claims that are "unrelated to" any

15   successful claims.  *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 897 (E.D. Cal. 2009).

16   However, a prevailing party may recover fees "for aspects of the litigation for which it was

17   unsuccessful."  *Id.*  "Litigants in good faith may raise alternative legal grounds for a desired

18   outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for

19   reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

20   Here, respondent's motion sought sanctions under Rule 11, 28 U.S.C. § 1927, and the

21   district court's inherent authority to impose sanctions.  *See generally* Motion (June 1, 2022); ECF

22   No. 79.  As noted above, the court determined petitioner's conduct was not sanctionable under

23   Rule 11.  Order (March 16, 2023) at 42.  The conduct, however, was sanctionable under both

24   28 U.S.C. § 1927 and the district court's inherent authority to impose sanctions.  *Id.* at 47.  So

25   even if not successful on all the grounds argued, respondent's motion achieved the desired

26   outcome of seeking sanctions against petitioner and the court ordered sanctions in the form of any

27   fees, costs, and expenses "incurred in relation to the parties' sanctions motions."  *Id.*

1   The court rejects petitioner's arguments and finds that any fees related to the motion for

2   sanctions may be awarded to respondent, even if they related to arguments based on Rule 11.

3       **C.      Subpoena Costs**

4       Petitioner also argues the costs related to the subpoenas of Col. Brown should not be

5   awarded because the fees are both unnecessary and excessive, and because Brown's testimony

6   did not support respondent's arguments for sanctions.  Respondent argues the costs were

7   necessary in light of petitioner's refusal to make Col. Brown available for respondent despite

8   having ready access to her.

9       Petitioner's sanctionable conduct was due to his request to move forward with the

10  May 18, 2022 hearing despite his knowing at the time that he would be reassigned to a different

11  location, leading to an earlier dismissal of the case.  *Id.* at 46–47.  Because Col. Brown's

12  testimony is connected to petitioner's sanctionable conduct, respondent's efforts to speak with

13  Brown regarding her testimony falls within the scope of the work reasonably required to seek

14  sanctions.  For example, respondent's records indicate she is seeking only the costs related to Col.

15  Brown generated after May 18, following the period of time for which the court previously

16  awarded sanctions.  *Id.* at 47; Jones Decl. at 5–11.  While respondent's counsel spent a significant

17  amount of time attempting to communicate with Brown, the court here as well declines to second-

18  guess counsel's judgment in allocating their time.  *Moreno,* 534 F.3d at 1112.

19      In sum, the court rejects petitioner's arguments and finds that any fees related to speaking

20  with Brown after the May 18, 2022 hearing should be awarded to respondent.

21      **D.      Relationship Between Fees & Sanctions**

22      Petitioner argues many of respondent's fees should not be included in an award because

23  the fees are not properly identified as being related to petitioner's sanctionable conduct.  He

24  provides a list of particular fees to which he objects in Exhibit 1 of his opposition.  *See generally*

25  ECF 119-1.  Respondent argues she is entitled to the fees because the fees are causally connected

26  to, and therefore a result of, petitioner's sanctionable conduct after the May 18, 2022 hearing.

27      A party seeking attorneys' fees based on another party's sanctionable misconduct may

28  recover "only the portion of his fees that he would not have paid for but for the misconduct."

7

1    *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017) (internal quotations omitted).

2    These fees are designed to be compensatory in nature rather than punitive, and may not be

3    granted over and above what is needed to redress a party for their losses.  *Id.* at 108.  Courts may

4    decide that a particular category of expenses was "incurred solely because of a litigant's bad-faith

5    conduct" and have wide discretion in making this decision.  *Id.* at 110.

6         Fee applicants bear the burden of "documenting the appropriate hours expended in the

7    litigation and must submit evidence in support of those hours worked."  *Jadwin,* 767 F. Supp. 2d.

8    at 1100*.*  "The party opposing the fee application has a burden of rebuttal that requires submission

9    of evidence to the district court challenging the accuracy and reasonableness of the hours charged

10   or the facts asserted by the prevailing party."  *Id.*  The opposing party must "specifically identify

11   defects or deficiencies in the hours requested."  *Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d

12   1154, 1776 (N.D. Cal. 2012).

13        Here, respondent's fees and costs made after May 18, 2022 would not have been incurred

14   but for petitioner's decision to move forward with this case.  Petitioner's sanctionable conduct

15   involved a wrongful continuance of the child custody case after the May 18, 2022 hearing going

16   forward despite direct knowledge of his locational reassignment's impact on the case, and that a

17   continuation would "require the Respondent to prepare and expend significant resources."  Order

18   (March 16, 2023) at 47.  Thus, respondent's time and resources spent litigating after May 18,

19   2022, when the case would otherwise have been dismissed based on the information that would

20   have been revealed at the evidentiary hearing, are directly connected to petitioner's sanctionable

21   conduct.  An award for these fees will compensate respondent for time and money that was

22   effectively wasted.

23        Respondent's billing entries contain brief summaries of the type of work performed on

24   respondent's case, the amount of time spent on each task, and the costs associated with those

25   tasks based on counsel's billing rates.  Counsel's entries also show the entries were related to

26   their representation of respondent given that the entries were taken from the billing invoices sent

27   to respondent's email.  *See generally* Jones Decl.  After reviewing counsel's records, the court

1    finds the documentation is appropriate to support the hours spent and work done on this case, and

2    respondent's entitlement to the fees and costs requested.  *Id.* at 5–30.

3        Part of petitioner's opposition focuses on the fees generated by respondent's counsel on

4    May 18, 2022.  Respondent's declaration indicates that $3,067.50 was generated in  fees that day.

5    Jones Decl. at 5–6.  Respondent argues this work was performed after the May 18, 2022 hearing

6    was to have gone forward.  Respondent's billing entries contain no mention of the specific times

7    on May 18, 2022 the contested fees were generated, only details on the hours spent and a brief

8    statement regarding the type of work done that day.  District courts do have the ability to reduce

9    fees on the grounds of inadequate documentation.  *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121

10   (9th Cir. 2000).  However, attorneys are not required to "record in great detail how each minute

11   of his time was expended."  *Hensley,* 461 U.S. at 433.  So long as attorneys list their hours and

12   "identify the general subject matter of his time expenditures," they will satisfy their burden of

13   properly documenting their requested fees.  *Davis v. City & Cnty. of San Francisco,*

14   976 F.2d 1536, 1542 (9th Cir. 1992).  Even if respondent's counsel could have supplemented

15   their documentation with additional information that included the equivalent of timestamps for

16   their billing entries, they have still listed their hours and provided general descriptions regarding

17   how they spent their time on May 18, 2022.  Respondent's counsel has therefore satisfied their

18   burden of demonstrating their entitlement to these specific fees.

19       The court rejects petitioner's arguments and finds respondent is entitled to their attorneys'

20   fees and costs generated in relation to petitioner's sanctionable conduct, beginning immediately

21   following the aborted May 18, 2022 hearing.

22       **E.    Sanctions Liability**

23       Petitioner also argues that sanctions are not appropriate because neither the prior order

24   granting sanctions nor respondent's motion indicate which of petitioner's attorneys, if any, are

25   subject to the sanctions.  Opp'n at 8.  Respondent argues the court may assign responsibility for

26   the fees in this order.  Response, ECF No. 116 at 3–4.

27       Sanctions granted under 28 U.S.C. § 1927 must be directed towards specific attorneys,

28   their clients, or both.  *Kaass Law v. Wells Fargo Bank, N.A.,* 799 F.3d 1290, 1293 (9th Cir. 2015).

9

1    However, district courts may assign joint and several liability for sanctions granted under the

2    court's inherent authority when "[n]othing in the record indicates that as between client and

3    counsel, one should be regarded as less blameworthy than the other." *Kendrick v. Zanides*,

4    609 F. Supp. 1162, 1173 (N.D. Cal. 1985).

5         While the court in its prior order deemed petitioner's sanctions proper under 28 U.S.C.

6    § 1927, sanctions also were proper under the inherent authority of the district court "as an

7    alternative or additional basis."  Order (March 16, 2023) at 47.  The court determined that both

8    "petitioner and counsel were put on a preliminary notice" regarding the locational reassignment

9    before the May 18, 2022 hearing.  *Id.*  The court also determined that both "petitioner and counsel

10   proceeded in bad faith" by refusing to continue with the May 18, 2022 hearing.  *Id.* at 46.  No

11   facts otherwise indicate that any particular person, taking account of the conduct of petitioner and

12   any of his attorneys, is more or less blameworthy than another for the sanctionable conduct given

13   that petitioner and counsel acted in concert as relevant here.

14        The court rejects petitioner's arguments and finds that sanctions can be levied jointly and

15   severally against petitioner and his attorneys.

16        **F.    Concessions & Adjustments**

17        In addition to the calculations discussed above, the court notes a few adjustments that

18   should be made to respondent's award.

19        Respondent concedes that they mistakenly requested $360.00 in a May 25, 2022 relied on

20   in their motion.  Reply at 3.  Therefore, the amount of $360.00 will be deducted from

21   respondent's requested award.

22        Respondent's declaration also contains multiple costs generated before the May 18, 2022

23   hearing.  Jones Decl. at 9.  These costs, which total $592.74, will also be deducted from

24   respondent's requested award.  *Id.*

25        As noted above, the starting point for respondent's request is $65,112.25.  Subtracting the

26   adjustments identified here results in an slightly reduced award of $64,159.51.  The court grants

27   the request for attorney's fees and costs in this reduced amount.

**IV.    CONCLUSION**

For the reasons above, the **court grants the respondent's motion for attorneys' fees and costs,** with minor reductions, yielding a final award of $64,159.51.

This order resolves ECF No. 117.

IT IS SO ORDERED.

DATED:  April 22, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE