1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Michael Krause,                              No. 1:21-cv-01706-KJM-SAB

12                        Plaintiff,               ORDER

13          v.

14    Tara Krause,

15                        Defendant.

16

17          Plaintiff's motion for reconsideration is before the court.  Mot., ECF No. 112.  Plaintiff

18    seeks reconsideration of the prior district judge's adoption of the magistrate judge's findings and

19    recommendations.  Adoption Order, ECF No. 109.  Defendant filed a response, which this court

20    construes as an opposition, to plaintiff's motion.  Response, ECF No. 116.  For the following

21    reasons and for the reasons explained in this court's previous order granting attorneys' fees, ECF

22    No. 122, plaintiff's motion for reconsideration is **denied.**

23          Local Rule 230(j) governs motions for reconsideration.  In pertinent part, a party seeking

24    reconsideration must: "set[ ] forth the material facts and circumstances surrounding [the] motion

25    . . . including: what new or different facts or circumstances are claimed to exist which did not

26    exist or were not shown upon such prior motion, or what other grounds exist for the motion."

27    L.R. 230(j)(3).  "[A] motion for reconsideration should not be granted, absent highly unusual

28    circumstances, unless the district court is presented with newly discovered evidence, committed

                                            1

1  clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*

2  *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks

3  omitted and alteration in original).  It is not an abuse of discretion to deny a motion for

4  reconsideration where the underlying order is merely "erroneous," rather than "clearly

5  erroneous." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999).  "Mere doubts or

6  disagreement about the wisdom of a prior decision . . . will not suffice . . . .  To be clearly

7  erroneous, a decision must ... [be] more than just maybe or probably wrong; it must be dead

8  wrong." *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-748, 2011 WL 1935967, at *1

9  (S.D. Cal. May 20, 2011) (quoting *Hopwood v. State of Tex.*, 236 F.3d 256, 273 (5th Cir. 2000));

10  *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (movant must demonstrate

11  a "wholesale disregard, misapplication, or failure to recognize controlling precedent").

12       Plaintiff's motion does not include any "new or different facts or circumstances [that] are

13  claimed to exist which did not exist or were not shown upon such prior motion."  L.R. 230(j)(3).

14  Instead, the motion attempts to relitigate various parts of the record already addressed in detail by

15  the magistrate judge and previously assigned district judge in her order of adoption.  To the extent

16  plaintiff argues the finding and recommendations failed to identify the responsible attorneys and

17  is thereby procedurally flawed, the court disagrees and addressed this argument in its own order

18  awarding attorneys' fees and costs.  Order (Apr. 23, 2025) at 7–8, ECF No. 122.

19       For the foregoing reasons, plaintiff has not provided justification for the court to depart

20  from the prior order.  The motion for reconsideration, ECF No. 112, is **denied**.

21       This order resolves ECF No. 112.

22       IT IS SO ORDERED.

23   DATED:  May 6, 2025.

24

UNITED STATES DISTRICT JUDGE

2